FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA   07 NOV -7  AM II: 43
## FORT WAYNE DIVISION

STE█████████████████CK
FOR THE ██████ DISTRICT
OF INDIANA

| | |
|---|---|
| **KELLY EVERETT,** )  ) | |
| **Plaintiff,** )  ) | |
| **vs.** )  ) | **No.** ____**1 ♦ 0 7 C V 0 2 7 5 RL**____ |
| **ALDI, INC., and** )  ) | |
| **ALDI (INDIANA) LLP,** )  ) | |
| **Defendants.** ) | |

### COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Kelly Everett, by counsel, BLACHLY TABOR BOZIK & HARTMAN LLC, and for Plaintiff's Complaint against the Defendant, Aldi, Inc. and Aldi (Indiana) LLP, and states to the Court as follows:

### JURISDICTION

1.      The Plaintiff, Kelly Everett (hereinafter "Everett"), resides in the City of Huntington, County of Allen, State of Indiana, and has at all relevant times herein.

2.      The Defendant, Aldi Inc., and Aldi (Indiana) LLP (hereinafter collectively "Aldi" or "Defendants") are licensed to do business in the State of Indiana and has its principal place of business located in the City of Huntington, County of Allen, State of Indiana.

3.      Jurisdiction is vested in this Court pursuant to 28 U.S.C.A. Section 1331, federal-question jurisdiction, 28 U.S.C.A. Section 1343, jurisdiction over a case for the enforcement of a federal civil rights statute, and 28 U.S.C.A. Section 1367, supplemental jurisdiction over a State cause of action which forms a part of the same cause or controversy as the federal causes of action.

## FACTS

4.     Defendants are engaged in an industry affecting commerce who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the calendar year relevant herein, or the preceding calendar year. Defendants are an employer pursuant to Title VII of the Civil Rights Act of 1964, as amended, and pursuant to and pursuant to 42 U.S.C. § 12111(5)(A).

5.     Everett is a female who began her employment at Aldi about November 14, 2005.

6.     Everett was a full-time employee at Aldi, performing the job duties of cashier.

7.     Everett learned that she was pregnant and informed Aldi of her pregnancy by her supervisor(s).

8.     About September 19, 2006, medical restrictions as to lifting were given to Everett by her physician.

9.     Everett requested accommodation of her lifting restrictions from Aldi.

10.     Aldi denied Everett an accommodation or light-duty position. Upon information and belief, said denial was due to Everett's pregnancy and gender, and/or her disability or Aldi's perception of Everett to be disabled.

11.     After giving Aldi her medical restrictions, Aldi placed Everett on short-term disability leave.

12.     As of November 15, 2006 Everett was employed at Aldi in excess of twelve (12) months.

13.     Everett worked more than 1250 hours during her said preceding twelve (12) months of employment at Aldi.

2

14.     Defendants are engaged in an industry affecting commerce who has fifty (50) or more employees for each working day in each of twenty (20) or more calendar weeks in the calendar year relevant herein, or the preceding calendar year. Defendants are an employer pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq.

15.     In November 2006 Everett requested medical leave pursuant to the Family and Medical Leave Act related to the birth of her child from Aldi.

16.     Everett was denied medical leave pursuant to the Family and Medical Leave Act by Aldi.

17.     Upon information and belief, Everett was not a highly compensated 'key' employee at Aldi, where her prolonged absence would cause substantial and grievous economic injury to Aldi.

18.     Upon information and belief, said denial of FMLA leave was due to Everett's pregnancy and gender, her request for accommodation, and/or her disability or Aldi's perception of Everett to be disabled.

19.     On or about December 20, 2006 Everett provided Aldi with her release to return to work effective December 26, 2006.

20.     Aldi failed to restore Everett to her same or an equivalent position, which had substantially similar compensation, duties, responsibilities and working schedule.

21.     Aldi returned Everett to work on or about January 3, 2007, demoting Everett to a casual employee.

22.     Upon information and belief, Everett's former position was available.

23.     As a casual employee Everett working schedule was substantially reduced. Also as a casual employee Everett's employment benefits were reduced.

3

24.     Everett wanted to be returned to her same or an equivalent full-time position at Aldi after returning from leave.

25.     Everett did not request that Aldi reduce her hours. Nor did Everett ever request to be reduced to a casual employee.

26.     Aldi failed to return Everett to her same or an equivalent position after her pregnancy, medical leave, and release to return to work without restrictions. Upon information and belief, said denial was due to Everett's pregnancy and gender, her request for accommodation, her disability or Aldi's perception of Everett to be disabled, and/or her request for medical leave pursuant to the FMLA.

27.     Upon information and belief, male and non-pregnant female employees at Aldi received more favorable treatment than Everett.

28.     Upon information and belief, employees at Aldi who were not disabled or perceived to be disabled, who did not have medical restrictions and request accommodation, who did not request medical leave or who were not pregnant received more favorable treatment than Everett.

29.     Everett filed the appropriate Form Five Charge of Discrimination with the Equal Employment Opportunity Commission on or about February 8, 2007, a copy of which is attached hereto as Exhibit A, and is incorporated herein by reference.

30.     Everett received a Notice of Right to Sue from the Equal Employment Opportunity Commission dated August 16, 2007, advising of the 90 days (upon plaintiff's receipt of said notice on or about August 20, 2007) to file a Complaint against Aldi. A copy of said Notice is attached hereto as Exhibit B, and is incorporated herein by reference.

4

## COUNT I

### TITLE VII OF THE CIVIL RIGHTS ACT
### GENDER DISCRIMINATION

Comes now the Plaintiff, Kelly Everett, by counsel, Anna M. Hearn of the law firm BLACHLY TABOR BOZIK & HARTMAN LLC, and hereby incorporates the foregoing paragraphs of Plaintiff's Complaint, and states as follows:

31.     Plaintiff incorporates by reference paragraphs 1-30 above.

32.     During the course and scope of Everett's employment with Aldi, Defendants by its agents, servants, supervisors and/or co-employees, among others, acting within the course and scope of their employment, and in their individual capacities, demonstrated a continuous, repetitious and degenerative cycle and pattern of gender discrimination and/or retaliation against Everett, which the Defendants, condoned and ratified, took no action to stop, and performed willfully or wantonly against Everett, while Defendants, were aware or should have been aware of such misconduct by and through its agents, employees, servants and supervisors, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(5), as amended by the Civil Rights Act of 1991 (hereafter "Title VII"). Further, Defendants have participated in a pattern and practice of such gender discrimination, by discrimination against females, and especially those who are pregnant.

33.     Everett has suffered and continues to suffer substantial losses and earnings, job experience, retirement benefits and other employment benefits that Everett rightfully would have received absent the discrimination and/or retaliation by the Defendants, and Defendants' agents, supervisors, employees and servants.

5

34.     Everett has incurred costs and expenses to file this action against the Defendants to protect the rights of Everett with respect to the Defendants.  Everett has suffered humiliation, mental pain and anguish, embarrassment to her name, character and reputation, and has suffered decreased employability.  In addition, the above acts by the Defendants and by Defendants' agents, supervisors, employees and servants, individually and in concert, were willful, wanton, malicious, intentional and oppressive, and justify an award in favor of the Plaintiff against the Defendants, for the Plaintiff's attorney fees, expert witness fees and other costs associated in filing this Complaint against said Defendants.

**WHEREFORE,** the Plaintiff, by counsel, Anna M. Hearn of the law firm BLACHLY, TABOR, BOZIK & HARTMAN, requests relief of the Court consisting of consisting of all damages afforded by law including, but not limited to, compensatory damages, equitable relief and costs, attorney fees, expert witness fees, and all other just and proper relief in the premises, against said Defendants.

## COUNT II

## PREGNANCY DISCRIMINATION ACT

Comes now the Plaintiff, Kelly Everett, by counsel, Anna M. Hearn of the law firm BLACHLY TABOR BOZIK & HARTMAN LLC, and hereby incorporates the foregoing paragraphs of Plaintiff's Complaint, and states as follows:

35.     Plaintiff incorporates by reference paragraphs 1-34 above.

36.     During the course and scope of Everett's employment with Aldi, the Defendants, by its agents, servants, supervisors and/or co-employees, acting within the course and scope of their employment, demonstrated a continuous, repetitious and degenerative cycle and pattern of gross,

6

severe and pervasive forms of pregnancy discrimination against Everett, which the Defendants condoned and ratified, took no action to stop, and performed willfully or wantonly against Everett, while Defendants were aware or should have been aware of such misconduct by and through its agents, employees, servants and supervisors, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(5), as amended by the Civil Rights Act of 1991.

37.    Everett has suffered and continues to suffer pecuniary, non-pecuniary damages and other employment benefits that Everett rightfully would have received absent the harassment and/or discrimination by the Defendants, and the Defendants' agents, supervisors, employees and servants.

WHEREFORE, the Plaintiff, by counsel, requests relief of the Court consisting of all damages afforded by law including, but not limited to, punitive, special and compensatory damages, equitable relief and costs, attorney fees, expert witness fees, and all other just and proper relief in the premises, against the Defendants.

## COUNT III

## FAMILY AND MEDICAL LEAVE ACT OF 1993

Comes now the Plaintiff, Kelly Everett, by counsel, Anna M. Hearn of the law firm BLACHLY TABOR BOZIK & HARTMAN LLC, and hereby incorporates the foregoing paragraphs of Plaintiff's Complaint, and states as follows:

38.    Plaintiff incorporates by reference paragraphs 1-37 above.

39.    The acts complained of herein by Everett all occurred while Everett was an employee at Aldi.

40.    Everett worked competently and loyally for Aldi throughout her employment at Aldi.

41.    Everett performed her work in a satisfactory manner.

7

42.    Everett was meeting her employer's legitimate job expectations.

43.    Defendants were aware that Everett would seek medical treatment related to her pregnancy, which would require Everett to be absent from work to receive medical treatment for a health condition involving (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider; therefore, Everett was not required to mention the statute by name or demand its benefits to invoke her rights under the FMLA.

44.    During the course and scope of the Everett's employment with Aldi, Defendants by its agents, servants, supervisors and/or co-employees, among others, acting within the course and scope of their employment, denied Everett FMLA leave in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq.

45.    Further, during the course and scope of the Everett's employment with Aldi, Defendants by its agents, servants, supervisors and/or co-employees, among others, acting within the course and scope of their employment, failed to return Everett to her same or an equivalent position in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq.

46.    Everett has suffered and continues to suffer substantial losses and earnings, job experience, retirement benefits, and other employment benefits, that Everett rightfully would have received absent her denial of FMLA and the failure to return Everett to her same or an equivalent position by Defendants, and Defendants' agents, supervisors, employees and servants.

47.    Everett has incurred costs and expenses to file this action against the Defendants to protect the constitutional and statutory rights of Everett with respect to Defendants. Everett has suffered humiliation, mental pain and anguish, embarrassment to her name, character and reputation, and has suffered decreased employability. In addition, the above acts by the Defendants and

8

Defendants' agents, supervisors, employees and servants, individually and in concert, were willful, wanton, malicious, intentional and oppressive, and justify the awarding of liquidated (exemplary) damages in favor of the Plaintiff against the Defendants, as well as an award in favor of Plaintiff and against Defendants for Plaintiff's attorney's fees, expert witness fees and other costs associated in filing this Charge against said Defendants.

WHEREFORE, the Plaintiff, by counsel, requests relief of the Court consisting of all damages afforded by law including, but not limited to, liquidated and compensatory damages, equitable relief and costs, attorney fees, expert witness fees, and all other just and proper relief in the premises, against said Defendants.

## COUNT IV

## RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

Comes now the Plaintiff, Kelly Everett, by counsel, Anna M. Hearn of the law firm BLACHLY TABOR BOZIK & HARTMAN LLC, and hereby incorporates the foregoing paragraphs of Plaintiff's Complaint, and states as follows:

48.     Plaintiff incorporates by reference paragraphs 1-47 above.

49.     During the course and scope of Everett's employment with Aldi, the Defendants by its agents, servants, supervisors and/or co-employees, among others, acting within the course and scope of their employment, retaliated against Everett for her having taken medical leave related to her pregnancy and given medical restrictions for lifting, leave which was her right to take pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq., which retaliation the Defendants, by its agents, servants, supervisors and/or co-employees, among others, condoned and ratified, took no action to stop, and performed willfully and wantonly against Everett while Defendants were

9

aware or should have been aware of such conduct.

WHEREFORE, the Plaintiff, by counsel, requests relief of the Court consisting of all damages afforded by law including, but not limited to, liquidated and compensatory damages, equitable relief and costs, attorney fees, expert witness fees, and all other just and proper relief in the premises, against said Defendants.

## COUNT V

## AMERICANS WITH DISABILITIES ACT

Comes now the Plaintiff, Kelly Everett, by counsel, Anna M. Hearn of the law firm BLACHLY TABOR BOZIK & HARTMAN LLC, and hereby incorporates the foregoing paragraphs of Plaintiff's Complaint, and states as follows:

50.    Plaintiff incorporates by reference paragraphs 1-49 above.

51.    Defendants, by its agents, servants, supervisors and/or co-employees, among others, acting within the course and scope of their employment, and in their individual capacities, demonstrated a continuous, repetitious, and degenerative cycle and pattern of harassment and discrimination against Everett based on Everett's qualified disability and/or perceived disability, which Defendants condoned and ratified, took no action to stop, and performed willfully or wantonly against Everett, while Defendants were aware or should have been aware of such misconduct by and through its agents, employees, servants and supervisors, among others, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112, et seq., as amended, and other sections of the same Statute. Further, Defendants have participated in a pattern and practice of such harassment and discrimination, and Defendants failed to accommodate Everett's medical restrictions and thus, her disability.

10

52.     Everett has suffered and continues to suffer substantial losses and earnings, job experience, retirement benefits, and other employment benefits Everett rightfully would have received absent the Defendants' harassment and discrimination. Everett has incurred additional costs and expenses in prosecuting this civil action against Defendants to protect the constitutional and statutory rights of Everett with respect to Defendants. Everett has suffered humiliation, mental pain and anguish, embarrassment to name, character and reputation, and has suffered decreased employability. In addition, the above acts by Defendants and Defendants' agents, supervisors, employees and servants acting individually and in concert, were willful, wanton, malicious, intentional and oppressive, and justify the awarding of compensatory and punitive damages in favor of Plaintiff against Defendants, and an award in favor of Plaintiff and against Defendants for Plaintiff's attorneys fees, expert witness fees and other costs associated in filing this Complaint against Defendants.

WHEREFORE, Plaintiff, by counsel, request relief of the Court consisting of all damages afforded by law including, but not limited to, compensatory and punitive damages, equitable relief and costs, attorney fees, expert witness fees, and all other just and proper relief in the premises, against said Defendants.

## COUNT VI

## RETALIATION

Comes now the Plaintiff, Kelly Everett, by counsel, Anna M. Hearn of the law firm BLACHLY TABOR BOZIK & HARTMAN LLC, and hereby incorporates the foregoing paragraphs of Plaintiff's Complaint, and states as follows:

53.     Plaintiff incorporates by reference paragraphs 1-52 above.

54.     During the course and scope of Everett's employment with Aldi, Defendants by its

11

agents, servants, supervisors and/or co-employees, among others, acting within the course and scope of their employment, retaliated against Everett for Everett's having complained about Defendants' failure to accommodate and denial of FMLA leave as the Plaintiff was lawfully entitled to do, which retaliation the Defendants, by its agents, servants, supervisors and/or co-employees, among others, condoned and ratified, took no action to stop, and performed willfully and wantonly against Everett while Defendants were aware or should have been aware of such conduct.

WHEREFORE, Plaintiff, by counsel, requests relief from the court consisting of all damages afforded by law including, but not limited to, punitive, special and compensatory damages, equitable relief, and costs, attorney fees, expert witness fees and all other just and proper relief in the premises, against said Defendants.

Respectfully submitted,

**Blachly Tabor Bozik & Hartman, LLC**

Anna M. Hearn (Atty. #21564-64A)
56 S. Washington St., Suite 401
Valparaiso, Indiana 46383
Ph. (219) 464-1041
Fax (219) 462-0927
Attorney for Plaintiff

12

## JURY DEMAND

COMES NOW the Plaintiff, Kelly Everett, by counsel, Anna M. Hearn of BLACHLY TABOR

BOZIK & HARTMAN LLC, and demands trial by jury.

Respectfully submitted,

**Blachly Tabor Bozik & Hartman, LLC**

Anna M. Hearn (Atty. #21564-64A)
56 S. Washington St., Suite 401
Valparaiso, Indiana 46383
Ph. (219) 464-1041
Fax (219) 462-0927
Attorney for Plaintiff

13

| CHARGE OF DISCRIMINATION | ENTER CHARGE NUMBER |
|---|---|
| This form is affected by the Privacy Act of 1974; see Privacy Statement on reverse before completing this form | ☐ IDHR<br>☐ EEOC 470-2007-01908 |

**U.S. GPO 1988 0-482-051**

| EEOC |
|---|
| *(State or local Agency, if any)* |

| NAME *(Indicated Mr., Ms., or Mrs.)*<br>Ms. Kelly Everett | HOME TELEPHONE NO. *(Include Area Code)* 260-224-4053 |
|---|---|

| STREET ADDRESS<br>213 S. Lafontaine Street | CITY, STATE AND ZIP CODE<br>Huntington, Indiana 46750 | COUNTY EEOC Indianapolis<br>District Office<br>Allen |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>Aldi Inc. | NO. EMPLOYEES/MEMBERS<br>Over 50 | TELEPHONE NUMBER *(Include Area Code)* 260-356-7220 |
|---|---|---|

| STREET ADDRESS<br>850 Frontage Rd. | CITY, STATE AND ZIP CODE<br>Huntington, Indiana 46750 | COUNTY<br>Allen |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*<br>☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN<br>☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☒ OTHER *(Specify)* Pregnancy, FMLA | DATE DISCRIMINATION TOOK PLACE<br>Earliest        Latest<br>Sept. 2006     ☒ and Continuing |
|---|---|

THE PARTICULARS ARE *(If additional space is needed, attached extra sheet(s)):*

I am a female who began my employment at Aldi, Inc., about November 14, 2005. I was employed as a full-time employee, and worked as a cashier. I learned that I was pregnant, and informed Aldi of my pregnancy by my supervisor(s). Aldi treated me differently than non-pregnant employees after learning of my pregnancy. About September 19, 2006 I was given lifting restrictions, and I told Aldi of my restrictions. Aldi refused to accommodate my restrictions, and placed me on short-term disability leave instead. As of November 14, 2006, I had been employed at Aldi in excess of one-year, and I worked in excess of 1250 hours during that year. I asked for leave related to the birth of my baby in November 2006, but was denied FMLA leave.

On or about December 20, 2006 I gave Aldi my release to return to work. My doctor released me to return to work as of December 26, 2006. Aldi returned me to work on January 3, 2007 as a casual employee. I was not returned to my position as a full-time employee. As a casual employee I am given up to 15-hours per week. Aldi gave me a form to sign which states that I requested to be reduced to a casual employee. However, I have refused to sign the form because I never asked to have my hours reduced. I believe that non-pregnant employees have received better treatment than I.

Aldi refused to accommodate my disability, and forced me to take disability leave. Aldi retaliated against me for having a disability, or because it perceived me to be disabled. Aldi refused me the medical leave that I requested related to the birth of my child. Aldi failed to return me to the same or an equivalent position after I was released to return to work. I believe that I was discriminated against because of my gender and my pregnancy. I also believe that I was discriminated against because of my disability or because Aldi perceived me to be disabled. I also believe that I was retaliated against because of pregnancy, disability and my request for leave. I have been harassed, discriminated and/or retaliated against in violation of Title VII of the Civil Rights Act, the Pregnancy Discrimination Act, and the Americans with Disabilities Act. As a result of Aldi's actions and inactions as stated above, I have suffered and continue to suffer from adverse employment actions because of pregnancy, request for medical leave, and because of disability and/or Aldi perceiving me to be disabled.

| : I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date 1-31-07   Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFO<br>(Day, month, and year) 31st of January, 2007 |

EXHIBIT A

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kelly Everett<br>213 S. Lafontaine St.<br>Huntington, IN 46750 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
| --- | --- | --- | --- |

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | | |
| --- | --- | --- | --- |
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| **470-2007-01908** | **Philip E. Moore,**<br>**Enforcement Supervisor** | | **(317) 226-7273** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

| | |
| --- | --- |
| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☐ | Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge. |
| ☐ | While reasonable efforts were made to locate you, we were not able to do so. |
| ☐ | You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged. |
| ☒ | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Danny G. Harter,**
**Director**

AUG 1 6 2007

*(Date Mailed)*

Enclosures(s)

cc:
Patricia L. Mehler
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, IL 60603

Anna M. Hearn
BLACHLY TABOR BOZIK & HARTMAN LLC
56 S. Washington #401
Valparaiso, IN 46383


EXHIBIT
B