## UNITED STATES FEDERAL COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| KELLY EVERETT, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 1:07-CV-275 |
| | ) | |
| v. | ) | |
| | ) | |
| ALDI, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court are a motion to compel (Docket # 21) and a motion to enlarge the discovery period (Docket # 25) filed by Plaintiff Kelly Everett, and a motion to compel (Docket # 26) filed by Defendants Aldi, Inc., and Aldi (Indiana), LLP (together, "Aldi").[1] For the reasons set forth herein, the motions will be DENIED.

### A. BACKGROUND

Everett commenced this suit against Aldi, her former employer, on November 7, 2007, alleging gender and pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3, as amended; denial of leave and retaliation in violation of the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.*; and discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112, *et seq.* (Compl. ¶¶ 31-54.)

On January 14, 2008, the Court conducted a scheduling conference with the parties. (Docket # 14.) At the conference, the Court noted the unusually-long period that counsel

---

[1] Also pending before the Court is Aldi's motion to dismiss based on Everett's alleged discovery abuses (Docket # 19), which the district court referred to the undersigned magistrate judge for a report and recommendation (Docket # 28). The Report and Recommendation is being contemporaneously filed in a separate docket entry.

allocated to discovery, but nevertheless reluctantly established a non-expert discovery deadline of November 30, 2008, and an expert discovery deadline of January 30, 2009, affording the parties more time for discovery than usual because Everett's counsel, Attorney Anna M. Hearn, professed to have a busy caseload and further indicated that she soon would be going on maternity leave for a few months. (Docket # 13, 14; *see* Dec. 4, 2008, Hr'g Tr. 5-6.)

On March 3, 2008, Aldi served Everett with its first discovery requests. (Def.'s Mot. to Compel ¶ 1.) And, in turn, on July 30, 2008, more than six months after the scheduling conference, Everett served Aldi with her first discovery requests. (Mem. in Supp. of Pl.'s Mot. to Compel 1.)

On November 26, 2008, four days before the discovery deadline, Everett requested a ninety-day extension of the non-expert and expert discovery deadlines, though she failed to file a Local Rule 37.1 certification with it. (Docket # 15.) At the hearing on the motion, Everett's counsel offered the same reasons for an extension that she offered on January 14, 2008, for the unusually-long initial discovery period; nevertheless, the Court extended non-expert discovery until February 28, 2009, and expert discovery until April 30, 2009 (Docket # 17), with the unmistakable and emphatic proviso that *no* further extensions would be granted. (Dec. 4, 2008, Hr'g Tr. 4-5.)

On February 26, 2009, Aldi filed a motion to dismiss alleging various discovery abuses by Everett. (Docket # 19.) The next day, February 27, 2009, the day before the close of non-expert discovery, Everett filed the instant motion to compel, requesting that the Court order Aldi to disclose numerous documents, including employee personnel files and certain financial and payroll information. (Docket # 21.) Together with her motion to compel, Everett filed yet

2

another motion to enlarge the non-expert discovery period by ninety days, explaining that "discovery issues remain in dispute between the [p]arties." (Docket # 25.) The next day, February 28, 2009, the last day of the non-expert discovery period, Aldi filed its own motion to compel, requesting that in the event its motion to dismiss is not granted, the Court should order Everett to more completely respond to certain of its interrogatories and production requests. (Docket # 26.)

On March 17, 2009, the law firm representing Everett withdrew the appearance of Attorney Hearn, explaining that she is no longer an associate of the firm, and substituted Attorney Jeffrey S. Wrage. (Docket # 33.)

## B.  DISCUSSION

"Throughout the range of the law, there are time limits imposed on litigants at every stage of the case: some are mandatory and admit of no deviations; others are more flexible. But in each instance, lawyers who do not pay heed to them do so at substantial peril to their and their clients' interests." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 332 (N.D. Ill. 2005) (citing *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459 (7th Cir. 2005)). This is such a case.

*1.  Everett's Motion to Compel Will Be Denied*

Here, Everett filed her motion to compel the day before non-expert discovery closed, seeking numerous pieces of information from Aldi, including employee personnel files, payroll records, and financial information. However, due to her undue delay in filing the motion, coupled together with several other compelling factors, Everett's motion to compel will be denied.

Though "[t]he Federal Rules of Civil Procedure place no time limit on the outside date

for the filing of a motion to compel discovery, . . . motions to compel filed after the close of discovery generally are deemed untimely." *Vision Ctr. Nw., Inc. v. Vision Value, LLC*, No. 3:07-CV-183RM, 2008 WL 5191456, at *3 (N.D. Ind. Dec. 10, 2008) (citing *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001); *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000)). "Greater uncertainty occurs where the motion is made very close to the discovery cut-off date." *In re Sulfuric Acid*, 231 F.R.D. at 332. Generally, "the matter is left to the broad discretion possessed by the district courts to control discovery." *Id*. at 333.

Several district courts have articulated that "[w]here a party has waited to bring a motion to compel until the eve of a discovery deadline, the court is justified in denying the motion." *Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Servs. N. Am., L.L.C.*, No. 03 C 760, 2004 WL 3021842, at *6 (N.D. Ill. Dec. 30, 2004) (denying motion to compel where plaintiff filed it four days before the close of discovery and failed to file a Local Rule 37.1 statement); *see also In re Sulfuric Acid*, 231 F.R.D. at 332-42 (denying motion to compel in part where it was filed on the last day of the discovery period); *West v. Miller*, No. 05C4977, 2006 WL 2349988, at *6 (N.D. Ill. Aug. 11, 2006) (denying motion to compel where plaintiff filed it eleven days before the discovery deadline and other factors, such as months of discovery inaction, indicated undue delay). "On assessing delay of a moving party, courts usually focus on three questions: (i) how long was the delay; (ii) was there an explanation for it; and (iii) what happened during the delay." *West*, 2006 WL 2349988, at *5.

Of course, "[m]odern discovery practices seek to facilitate . . . open and even-handed development of relevant facts so that justice may be delivered on the merits and not shaped by surprise or like tactical stratagems." *In re Sulfuric Acid*, 231 F.R.D. at 342 (citation and internal

4

quotation marks omitted). Thus, an untimely motion "accompanied by a reasonable and persuasive justification for its untimeliness may be excused." *Vision Center*, 2008 WL 5191456, at *3. "However, when the movant fails to give a reasonable justification, courts' general aversion to unjustified delays usually result in denials of the motions." *Fast Food Gourmet, Inc. v. Little Lady Foods, Inc*., No. 05 C6022, 2007 WL 1673563, at *3 (N.D. Ill. June 8, 2007). "Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir. 2002).

Here, at the January 2008 scheduling conference, the Court afforded the parties extra time for discovery due to Everett's counsel's upcoming maternity leave and alleged busy caseload, setting a non-expert discovery deadline of November 30, 2008. (Dec. 4, 2008, Hr'g Tr. 5-6.) Everett then waited six months, that is, until July 30, 2008, to serve her first discovery requests to Aldi. Then, on November 26, 2008, *just four days before the close of non-expert discovery* and without filing a Local Rule 37.1 certification, Everett requested a ninety-day enlargement of time for both the non-expert and expert discovery periods.

At the hearing on the motion, Everett's counsel attributed the delay in completing discovery to communication problems with Aldi's counsel and once again cited her own maternity leave and busy caseload. (Dec. 4, 2008, Hr'g Tr. 4-5.) After reminding Everett's counsel that the Court reluctantly granted an initial extended period of time for discovery some ten months earlier based on her maternity leave and busy caseload, and that a "motion concerning discovery" can be denied "on the spot" for a failure to file a Local Rule 37.1

certification, the Court nevertheless granted one more ninety-day extension.[2] (Dec. 4, 2008, Hr'g Tr. 5-6.) However, the Court emphatically instructed the parties at least three times during the hearing that *no* further extensions to the discovery deadline would be granted. (Dec. 4, 2008, Hr'g Tr. 6, 8, 9.) In fact, at one point the Court stated: "If I'm going to grant this request, it's going to be in stone, it's going to be in concrete. It's going to be etched upon stainless steel and it will not be changed." (Dec. 4, 2008, Hr'g Tr. 6; *see also* Dec. 4, 2008, Hr'g Tr. 8 ("That is it. There will be no further extensions on either one of those [discovery and expert discovery] deadlines."), Tr. 9 "[O]ver here when we set deadlines, we meet deadlines, and it's just not going to be tolerated. That is it. So don't ask for anymore.").)

Now, on the eve of the close of non-expert discovery, Everett ignores those earlier admonishments and seeks to compel Aldi's responses to discovery requests that she served on Aldi almost seven months earlier. "The only explanation for the [filing of a motion to compel] on the day discovery closed is that [Everett], having delayed too long and planned too little, found [herself] out of time, and out of options." *In re Sulfuric Acid Antitrust Litig.*, 230 F.R.D. 527, 535 (N.D. Ill. 2005). Of course, "[a] cynic might think that [filing a motion to compel on the last day of the discovery period] was a calculated decision designed to effect another extension of the discovery deadline." *Id.*

"As a general rule, if a moving party has unduly delayed in filing a motion for an order compelling discovery, a court may conclude that the motion is untimely." *Banks v. CBOCS West, Inc.*, No. 01 C 0795, 2004 WL 723767, at *1 (N.D. Ill. Apr. 1, 2004). Here, Everett did no

---

[2] Local Rule 37.1(b) requires a conference and a certification for any "motion concerning discovery", including any request for an extension of time to complete discovery.

discovery the first six months of the discovery period. Then, after serving discovery in July 2008, she let *seven more months* elapse before filing the instant motion to compel, even though she was fully aware, at least by December 2, 2008, that she thought Aldi's responses to her discovery were deficient and that she had only three more months of discovery. Clearly, this is undue delay.

And, Everett provides no new explanations for the delay, simply citing a litany of ongoing problems with communication and cooperation between the parties' respective counsel. In that regard, even if Everett herself did not personally engage in dilatory conduct, "the Supreme Court has made clear . . . that an attorney's negligence is attributable to the client." *Tremper v. Air-Shields, Inc*., No. IP00-1080-C-B/S, 2001 WL 1000686, at *4 (S.D. Ind. Aug. 27, 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962)); *see Wade v. Soo Line R.R. Corp*., 500 F.3d 559, 564 (7th Cir. 2007) ("A litigant bears the risk of errors made by his chosen agent.").

Coupling Everett's undue delay with the fact that the Court had already given the parties on two separate occasions extra time to complete discovery, and in the clearest possible terms had instructed counsel that no further extensions would be granted, this is "a clear case of too little, too late." *West v. Miller*, No. 05C4977, 2006 WL 2349988, at *5 (N.D. Ill. Aug. 11, 2006) (quoting *Ridge Chrysler Jeep*, 2004 WL 3021842, at *4). The Court will not allow Everett to, in effect, extend the discovery period through the artifice of filing a motion to compel on the eve of the close of discovery. *See In re Sulfuric Acid*, 231 F.R.D. at 337 (denying plaintiffs' motion to compel because it was filed on the last day of the discovery period, stating that if the motion were to be granted, "it would result in protracted discovery, the bane of modern litigation").

7

Therefore, Everett's motion to compel will be DENIED.[3]

*2. Likewise, Everett's Motion to Enlarge the Discovery Deadline Will Be Denied*

Everett also filed a motion to extend the non-expert discovery deadline by ninety days. Obviously, for the reasons just summarized *supra*, Everett's motion to enlarge the discovery deadline will also be denied.

"Continuances or extensions of time with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired." *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997) (citing Fed. R. Civ. P. 16(b)); *United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). The good cause standard focuses on the diligence of the party seeking the extension. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571. In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571.

Here, Everett has utterly failed to demonstrate good cause for an extension, as the record reflects that she has been far from diligent in pursuing discovery. As explained, she waited to commence any discovery until six months after the scheduling conference. Moreover, she has already been afforded extra time for discovery on two separate occasions: once initially and again on December 4, 2008. Nevertheless, she waited until the eve of the close of the almost

---

[3] Nevertheless, because Aldi stated in its response brief that it had already agreed to provide a privilege log to Everett, it will be directed to do so at the close of this Opinion and Order.

fourteen-month discovery period to file a motion to compel and to schedule the depositions of Aldi's witnesses (*see* Pl.'s Local Rule 37.1 Certification ¶ 9), even though the Court instructed her in December 2008 that the discovery deadline of February 28, 2009, would *not* be extended. Finally, both Everett and her counsel failed to attend Everett's scheduled deposition, maintaining now that she was (inexplicably) "unaware" of it. (Pl.'s Resp. to Def.'s Mot. to Compel Disc. ¶ 8.) And, the fact that the law firm representing Everett recently substituted Attorney Wrage for Attorney Hearn (who has left the firm, and apparently this case) is hardly good cause either. As explained *supra*, "[a] litigant bears the risk of errors made by his chosen agent." *Wade*, 500 F.3d at 564. "Attorney's actions are imputed to their clients, even when those actions cause substantial harm." *Id*.

The Seventh Circuit Court of Appeals has artfully summarized:

> We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines.

*Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) (affirming district court's denial of plaintiff's request for an enlargement of time, stating that the district judge had "generously given [the plaintiff] more than enough time to get his act together, decided there would be no more extensions, and we cannot say he was wrong to put his foot down as he did"). In that vein, Everett's motion to enlarge the discovery deadline will be DENIED.

### 3. Aldi's Motion to Compel Will Also Be Denied

Aldi filed its motion to compel the day after Everett, that is, on February 28, 2009, the date non-expert discovery closed. In the motion, Aldi requests that the Court order Everett to

more fully respond to several interrogatories and document requests and produce an executed medical release.

Like Everett's motions, Aldi's motion to compel is "too little, too late." *West*, 2006 WL 2349988, at *5. Aldi served Everett with its discovery request on March 3, 2008, but then waited *nine months*, that is, until December 2008, to obtain Everett's responses. Then, once it received her responses, it waited two more months, that is, until *the last day of non-expert discovery,* to file a motion to compel. As stated *supra*, this Court twice afforded extra time to the parties to complete discovery in this case and warned them in no uncertain terms at the December hearing that no further extensions of the discovery period would be granted. "Where a party waits to file a motion to compel until the eve of a discovery deadline, the court is justified in denying the motion," particularly when coupled with the extra time already twice afforded to the parties, the long periods of discovery inactivity, and the lack of meritorious explanations for their inaction and delay. *Ridge Chrysler*, 2004 WL 3021842, at *6; *see also West*, 2006 WL 2349988, at *6.

Moreover, much of what Aldi requests from Everett are simply "supplemental response[s] under oath," stating that Everett has no additional responsive information to Aldi's discovery requests. Federal Rule of Civil Procedure 26(e) already requires that Everett timely supplement her discovery responses if she learns that they were incomplete or incorrect in some material respect. Therefore, there is no indication that Aldi would be prejudiced, as it seems to suggest, by the denial of its motion to compel. *See GSI Group, Inc. v. Sukup Mfg. Co.*, No. 05-3011, 2007 WL 1390611, at *2 (C.D. Ill. May 9, 2007) (stating that an untimely motion to compel may still be allowed "if the party demonstrates actual and substantial prejudice resulting

from the denial of discovery").

Consequently, Aldi's motion to compel will also be DENIED.[4]

### C. CONCLUSION

For the reasons stated herein, Plaintiff's motion to compel (Docket # 21), Plaintiff's motion to enlarge discovery deadline (Docket # 25), and Defendants' motion to compel (Docket # 26) are DENIED. However, Defendants are directed to provide a privilege log to Plaintiff, and Plaintiff is directed to provide an executed medical release to Defendants.[5]

SO ORDERED.

Enter for the 6th day of April, 2009.

                                                        S/Roger B. Cosbey
                                                        Roger B. Cosbey,
                                                        United States Magistrate Judge

---

[4] The Court will, however, direct Everett to produce a signed medical release for her medical records since she already agreed to do so. (*See* Def.'s Mot. to Compel, Attach. 7.)

[5] In a recent filing, Everett requests oral argument on all pending motions and also seems to suggest that the Court (rather than her counsel, Fed. R. Civ. P. 45(a)(3)), should subpoena Attorney Hearn for some sort of testimony. (Docket # 40.) Although Everett cites Local Rule 7.5 in support of her request, she does not follow it as she does not say what the purpose would be (of either oral argument or Attorney Hearn's testimony) or the "time reasonably required" for such matters. These omissions alone warrant denial of the motion.
    In any event, the Court believes the record has been sufficiently developed and that neither oral argument nor an evidentiary presentation would be of assistance. Consequently, the motion (Docket # 40) is DENIED.