UNITED STATES FEDERAL COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| KELLY EVERETT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | Cause No.: 1:07-CV-275 |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| ALDI, INC., et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss for Plaintiff's Discovery Abuses that Defendants Aldi, Inc., and Aldi (Indiana), LLP (together, "Aldi"), filed under Federal Rule of Civil Procedure 37. (Docket # 19.) In the motion, Aldi asserts that Plaintiff Kelly Everett's case should be dismissed because she or her counsel have caused repeated delays in discovery, made misrepresentations about the delays, failed to appear for her properly-noticed deposition and then failed to contact Aldi about her non-attendance, and made numerous false statements about her actions. (Defs.' Mot. to Dismiss for Pl.'s Disc. Abuses 16-17.) In the alternative, Aldi requests that the Court order Everett's counsel to pay for the expenses and fees that Aldi incurred due to Everett's failure to appear at her prior-noticed deposition, and to cause Everett and her counsel to appear for her deposition. (Def.'s Mot. to Dismiss 17.)

The District Court Judge, Rudy Lozano, entered an Order pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72.1, referring this case to the undersigned Magistrate Judge to prepare a Report and Recommendation. (Docket # 28.) For the reasons set forth herein, the undersigned Magistrate recommends that Aldi's motion for sanctions be GRANTED IN PART and DENIED IN PART.

## A. BACKGROUND

Everett commenced this suit against Aldi, her former employer, on November 7, 2007, alleging gender and pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3, as amended; denial of leave and retaliation in violation of the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.*; and discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112, *et seq.* (Compl. ¶¶ 31-54.)

On January 14, 2008, the Court conducted a scheduling conference with the parties. (Docket # 14.) At the conference, the Court noted the unusually long period that counsel allocated to discovery, but nevertheless established a non-expert discovery deadline of November 30, 2008, and an expert discovery deadline of January 30, 2009, affording the parties more time for discovery than usual because Everett's counsel allegedly had a busy caseload and would soon be going on maternity leave. (*See* Dec. 4, 2008, Hr'g Tr. 5-6.)

On March 3, 2008, Aldi served Everett with its first discovery requests. (Defs.' Mot. to Compel ¶ 1.) And, in turn, on July 30, 2008, more than six months after the scheduling conference, Everett served Aldi with her first discovery requests. (Mem. in Supp. of Pl.'s Mot. to Compel 1.)

On November 26, 2008, four days before the non-expert discovery deadline, Everett requested a ninety-day extension of the non-expert and expert discovery deadlines, though she failed to file a Local Rule 37.1 certification with it. (Docket # 15.) At the hearing on the motion, Everett's counsel offered the same reasons she offered on January 14, 2008, for the initial expanded discovery period, but nevertheless the Court extended non-expert discovery until

February 28, 2009, and expert discovery until April 30, 2009 (Docket # 17), with the emphatic proviso that *no* further extensions would be granted. (Dec. 4, 2008, Hr'g Tr. 4-5.)

On January 12, 2009, after sending several e-mails regarding its intent to depose Everett, Aldi issued a notice of Everett's deposition for February 13, 2009, sending it to Everett's counsel via both e-mail and U.S. mail. (Mehler Aff. ¶¶ 37-42, Ex. 33.) On February 13, 2009, Aldi's counsel appeared at the scheduled deposition in Fort Wayne, but both Everett and her counsel failed to appear. (Mehler Aff. ¶¶ 45-53.) Everett's counsel later claimed that she was unaware of the deposition. (Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss for Pl.'s Disc. Abuses ¶ 26.)

On February 26, 2009, Aldi filed the instant motion to dismiss for Everett's alleged discovery abuses. (Docket # 19.) On February 27, 2009, the day before the close of non-expert discovery, Everett filed a motion to compel, requesting that the Court order Aldi to disclose numerous documents, including employee personnel files and certain financial and payroll information. (Docket # 21.) Together with her motion to compel, Everett filed yet another motion to enlarge the non-expert discovery period by another ninety days, explaining that "discovery issues remain in dispute between the [p]arties." (Docket # 25.) The next day, February 28, 2009, the last day of the non-expert discovery period, Aldi filed its own motion to compel, requesting that in the event the instant motion to dismiss is not granted, the Court should order Everett to more completely respond to certain of its interrogatories and production requests. (Docket # 26.)

On March 17, 2009, the law firm representing Everett withdrew the appearance of Attorney Anna M. Hearn, explaining that she is no longer an associate of the firm, and substituted Attorney Jeffrey S. Wrage. (Docket # 33.)

3

## B. APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders[, including] . . . dismissing the action or proceeding in whole or in part . . . ." The court may also order sanctions, including dismissal of the action, if a party "fails, after being served with proper notice, to appear for [its] deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). In lieu of or in addition to dismissal, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

"The simple failure to comply is enough [to warrant sanctions], notwithstanding a complete lack of culpability on [the plaintiff's] part." *Halas Consumer Servs., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994). That is, "the culpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all." *Id.* (citations omitted). "[A]n award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

In that regard, "a finding of willfulness, bad faith, or fault . . . comes into play when dismissals are used specifically as a discovery sanction under [Rule] 37. *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003); *see also In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001). The Seventh Circuit Court of Appeals has cautioned that a court must use its dismissal power sparingly, as it is a "harsh sanction" which should "be employed only as a last resort." *Rice v.*

4

*City of Chicago*, 333 F.3d 780, 786 (7th Cir. 2003); *see also Maynard*, 332 F.3d at 467 (stating that "[o]f all possible sanctions, dismissal is considered 'draconian'" and that it must be "vigilant" in its review of such actions).

## C. DISCUSSION

Aldi requests that this case be dismissed as a sanction under Rule 37 for Everett's purported discovery abuses. Alternatively, Aldi asks that the Court order Everett's counsel to pay for the unnecessary expenses and fees incurred by Aldi as a result of Everett's failure to appear at the February 13, 2009, deposition, and order Everett to appear with her counsel for her deposition at a time mutually and promptly selected by counsel.

In support of its request for sanctions, Aldi recites a litany of purported discovery missteps by Everett. It contends that (1) Everett failed to timely serve her mandatory disclosures and then misrepresented that she had served them, ultimately producing them more than two months after they were due; (2) Everett's counsel repeatedly claimed that she produced certain discovery responses in June 2008, but Aldi's counsel never received them; (3) Everett's counsel made numerous representations to the Court about contacting Aldi's counsel, which are disavowed by Aldi's counsel's records; (4) Everett and her counsel failed to appear for her properly-noticed deposition and never contacted Aldi about her non-appearance; and (5) with just ten days left in the discovery period, Everett attempted to schedule seven depositions upon forty-eight hours notice. (Def.'s Mot. to Dismiss 2-13.)

Everett, of course, opposes Aldi's motion, arguing that sanctions are not warranted because she never disregarded a court discovery order. (Pl.'s Resp. 9.) She further asserts that she did indeed timely produce her discovery responses in June 2008, that Aldi did not object to

5

her motion to extend discovery in November 2008, and that Aldi did not properly coordinate the scheduling of her deposition. (Pl.'s Resp. 9-13.)  In addition, Everett emphasizes that since Attorney Wrage was recently substituted for Attorney Hearn, he has not yet had an opportunity to speak with Aldi's counsel to attempt to resolve the discovery dispute. (Pl.'s Resp. 14-15.)

Everett's first argument has some merit, as Aldi did indeed file its motion to compel *after* the instant motion to dismiss.  As a result, this Court to date has not ordered Everett to produce specific discovery responses as a result of Aldi's motion to compel, and thus Everett has not violated any court order in that regard. *See*, *e.g.*, *Fine Line Distrib., Inc. v. Rhymer Meats, Inc.*, No. 93 C 5685, 1994 WL 376283, at *4 (N.D. Ill. July 15, 1994) (denying plaintiff's request for Rule 37 sanctions where it simultaneously filed a motion to compel and the court had not yet ordered defendant to produce discovery responses).

Nonetheless, as Aldi emphasizes, when Everett filed her motion seeking another ninety-day extension to the non-expert discovery period on February 27, 2009, she clearly disregarded this Court's December 4, 2008, order not to request any further extensions.  "Where oral proceedings unequivocally give a litigant notice that certain [action is to be taken], the absence of a written order does not preclude the court from sanctioning a party pursuant to Rule 37(b) for failure to comply." *Id*. (quoting *Tamari v. Bache & Co., S.A.I.*, 729 F.2d 469, 472 (7th Cir. 1984)).

And, in any event, dismissal is available as a sanction under Rule 37(d) for a party who fails to appear for a properly-noticed deposition. *See* Fed. R. Civ. P. 37 (d)(1)(A)(i), (d)(3). Everett does not dispute that on January 12, 2009, Aldi propounded notice to Everett's counsel that it would depose Everett on February 13, 2009, in Fort Wayne, and that neither Everett nor

6

her counsel appeared. Everett offers no substantial justification for the failure to appear, simply stating that her counsel was involved in another trial at the time and was unaware of the scheduled deposition. Everett did, however, in the final hours of the discovery period offer an alternate date to Aldi for her deposition. (Pl.'s Resp. Ex. 28.)

Because of the extremely harsh nature of the sanction of dismissal, some courts have considered it improper to dismiss a case under Rule 37 "unless the non-complying party has been sufficiently warned that further intransigence warrants dismissal." *Woods v. Chicago Transit Auth.*, No. 04 C04124, 2006 WL 2460618, at *4 (N.D. Ill. Aug. 18, 2006) (*citing Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997)). To date, Everett has received no such warning from this Court.

And, some of Aldi's complaints about Everett or her counsel's conduct, at least in part, amount to a credibility dispute between the parties. In that regard, Aldi is not entirely innocent of encumbering the discovery process in this case, as there is no dispute that *both* parties requested and afforded each other several extensions to their respective discovery deadlines and that Aldi did not object to Everett's motion to extend discovery in November 2008. (Defs.' Mot. to Dismiss 3; Pl.'s Resp. ¶¶ 12, 13.) Furthermore, *both* parties waited until the eve of the close of non-expert discovery to file motions to compel.

As stated *supra*, the type of sanction imposed under Rule 37 must be proportionate to the objectionable conduct. *See, e.g.*, *Sherrod v. Lingle*, 223 F.3d 605, 612-13 (7th Cir. 2000). Dismissal as a sanction is too harsh in this instance because Everett's failure to appear on February 13, 2008, was her first transgression with respect to her deposition; she has not violated any court order stemming from a motion to compel filed by Aldi; and she has not been warned

about the possibility of dismissal. Moreover, the Court is certainly aware that Attorney Hearn has withdrawn her appearance in this case and that Attorney Wrage just recently appeared on Everett's behalf.

Instead, the undersigned Magistrate recommends that the District Court order Everett to reimburse Aldi's costs of the appearance fee for the court reporter and Aldi's attorney's fees and costs related to travel and time with respect to the February 13, 2009, deposition, and cause Everett and her counsel to appear for her deposition at a time and location to be mutually agreed upon by counsel within thirty days of the District Court's order. This less severe sanction is adequate to promote the interests of justice in this instance. *See, e.g.*, *Allen v. Harrah's Entm't Inc.*, No. 204CV128, 2005 WL 1705629, at *1-2 (N.D. Ind. July 20, 2005) (imposing expenses and fees of a missed deposition as a sanction where dismissal was considered "unduly harsh"). Everett should, however, consider herself duly warned that any additional discovery transgressions may result in dismissal of this action.

## D. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Court GRANT IN PART Defendants' Motion to Dismiss for Plaintiff's Discovery Abuses (Docket # 19), in that Plaintiff be ordered to (1) reimburse Defendants' costs of the appearance fee for the court reporter, as well as the attorney's fees and costs for travel and time related to Plaintiff's deposition on February 13, 2009; and (2) appear with her counsel for her deposition at a time and location to be mutually agreed upon by counsel within thirty days of the District Court's order.

8

It is recommended that the Court otherwise DENY Defendants' Motion.[1]

The Clerk is directed to send a copy of this Report and Recommendation to counsel for the parties. NOTICE IS HEREBY GIVEN that within ten days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995); *Egert v. Conn. Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).

SO ORDERED.

Enter for the 6th day of April, 2009.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge

---

[1] In a recent filing, Everett requests oral argument on all pending motions and also seems to suggest that the Court (rather than her counsel, Fed. R. Civ. P. 45(a)(3)), should subpoena Attorney Hearn for some sort of testimony. (Docket # 40.) Although Everett cites Local Rule 7.5 in support of her request, she does not follow it as she does not say what the purpose would be (of either oral argument or Attorney Hearn's testimony) or the "time reasonably required" for such matters. These omissions alone warrant denial of the motion.
In any event, the Court believes the record has been sufficiently developed and that neither oral argument nor an evidentiary presentation would be of assistance. Consequently, the motion (Docket # 40) is DENIED.