UNITED STATES FEDERAL COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KELLY EVERETT, ) | |
| ) | |
| Plaintiff, ) | Cause No.: 1:07-CV-275 |
| ) | |
| v. ) | |
| ) | |
| ALDI, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Counsel for Plaintiff Kelly Everett request clarification (Docket # 45) of this Court's April 6, 2009, Report and Recommendation (the "April R & R") (Docket # 44).[1] When the April R & R was issued, the dispute at hand (at least for purposes of the present discussion) concerned the Plaintiff's failure to attend her deposition on February 13, 2009, after her counsel, Anna M. Hearn, an associate in the law firm of Blachly, Tabor, Bozik & Hartman LLC (the "Blachly Law Firm"), received timely and proper notice of the deposition.[2] Hearn also failed to attend the deposition.

The April R & R ultimately concluded that the appropriate sanction, *see, e.g.*, *Sherrod v. Lingle*, 223 F.3d 605, 612-13 (7th Cir. 2000), was not the dismissal sought by the Defendants, but rather that the "Plaintiff be ordered to (1) reimburse Defendants' costs of the appearance fee

---

[1] The District Court Judge, Rudy Lozano, entered an Order pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72.1, referring this case to the undersigned Magistrate Judge to prepare a Report and Recommendation. (Docket # 28.) This Report and Recommendation assumes that the reader is familiar with the April R & R.

[2] After sending several earlier e-mails regarding its intent to depose the Plaintiff, on January 12, 2009, counsel for the Defendant issued a notice of deposition for February 13, 2009, and sent it to Hearn by both e-mail and U.S. mail. (Mehler Aff. ¶¶ 37-42, Ex. 33.)

for the court reporter, as well as the attorney's fees and costs for travel and time related to Plaintiff's deposition on February 13, 2009. . . ." (April R & R at 8); *see generally* Fed. R. Civ. P. 37 (d)(1)(A)(i), (d)(3).

Now, Plaintiff's current counsel, Jeffrey S. Wrage, also of the Blachly Law Firm, asks that the April R & R be modified so that any sanctions only be entered against Hearn, his former colleague at the Blachly Law Firm, and no one else.[3] The argument for this position can be summed up rather neatly: Hearn's conduct was the entire basis for sanctions, and therefore she should be the one to pay.

In response (Docket # 64), Hearn, who has never filed a motion to withdraw as counsel for the Plaintiff, reiterates that although she does not deny that the deposition notice was sent, she says she never personally received it, and that besides, it was up to the legal staff of the Blachly Law Firm to handle such clerical functions. (Hearn Resp. ¶ 2.) In particular, Hearn points to "[her] staff" as having the responsibility to schedule her depositions and to maintain her calendar. *Id*. Accordingly, she argues that her unintentional absence from the deposition resulted from a clerical mistake by her staff, and since the Blachly Law Firm hired the legal staff, it should pay for "its clerical and other employee's mistake . . . ." (Hearn Resp. ¶ 16.) Moreover, as Hearn sees it, she should not have to pay any sanction because, like the clerical staff, she was a mere employee of the Blachly Law Firm, and the law firm is responsible for its employees' acts. (Hearn Resp. ¶ 17.) Overall, Hearn's solution is to have the Blachly Law Firm pay the sanctions. (Hearn Resp. 6.)

---

[3] On March 17, 2009, the Blachly Law Firm sought to withdraw Hearn's appearance for the Plaintiff, explaining that she is no longer an associate of the firm, and substituted Attorney Jeffrey S. Wrage instead. (Docket # 33.)

2

For the reasons catalogued in this Report and Recommendation, the April R & R is clarified in that it is recommended that Hearn pay the monetary sanctions associated with the February 13, 2009, deposition of the Plaintiff (*i.e*., reimbursement of the Defendants' cost of the appearance fee for the court reporter, and the attorney's fees and costs for travel and time related to the Plaintiff's deposition).

## DISCUSSION

To revisit a central point, this Court may impose sanctions if a party "fails, after being served with proper notice, to appear for [her] deposition . . . ." Fed. R. Civ. P. 37(d)(1)(A)(i). In particular, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Moreover, "the simple failure to comply is enough [to warrant sanctions], notwithstanding a complete lack of culpability on [the plaintiff's] part." *Halas Consumer Servs., Inc*., 16 F.3d 161, 164 (7th Cir. 1994). The question of culpability is thus largely reserved only for determining "which sanctions the court should impose and not whether any sanctions are appropriate at all." *Id*. (citations omitted). Nonetheless, any sanction must be "proportionate to the circumstances surrounding the failure to comply with discovery." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

As a general matter, expense shifting under Rule 37(d) is mandatory unless it can be shown by the Plaintiff and Hearn that their failure to attend was substantially justified or that other circumstances make an award unjust. 7 *Moore's Federal Practice* § 37.97[1]. They bear

3

the burden of meeting either prong. *Id*. at §§ 37.97[2][3].

As the issue is now framed, notably no one disputes the nature of the sanctions recommended in the April R & R, only who should pay them. According to Rule 37(d)(3), the possible candidates to bear this responsibility are the Plaintiff; the attorney advising her (*i.e.*, Hearn, at the time); and possibly, at Hearn's urging, the Blachly Law Firm; or perhaps all three.

It is rather apparent that the Plaintiff should immediately be eliminated from consideration since, as far as the record reveals, she was never told about the deposition, or stated somewhat differently, never knew about it. Consequently, within the meaning of Rule 37(d)(3), the Plaintiff's absence was substantially justified or circumstances otherwise "make an award of expenses unjust." In fact, neither Hearn nor the Blachly Law Firm suggest that the Plaintiff should bear the fees and expenses. Consequently, the April R & R should be clarified to that extent.

That reduces the analysis to two – Hearn and the Blachly Law Firm. This exposes an unfortunate and frankly, unseemly casting of blame between Hearn, the Plaintiff's "advising" attorney at the time and therefore someone directly liable for sanctions, Fed. R. Civ. P. 37(d)(3), and her former employer, the Blachly Law Firm.

In an attempt to shift the blame to the Blachly Law Firm, Hearn seemingly invokes notions of common law liability and suggests that she should not be liable for any sanctions because it was the negligence of other Blachly Law Firm employees (i.e., her secretary and her paralegal) who somehow failed to calendar the event, causing her to miss the deposition. From this proposition, Hearn cites to Federal Rule of Civil Procedure 11(c)(1) and argues that the Blachly Law Firm should at least be held "jointly responsible" (presumably with her) for any

4

violation she or another law firm employee committed.[4] (Hearn Resp. ¶¶ 14-15.)

Hearn's argument overlooks the fact that the deposition notices were served on her directly within the meaning of Federal Rule of Civil Procedure 30(b)(1), and service is enough to "bring Rule 37(d) into play." 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2291. So the alleged mis-calendaring or non-calendaring was ultimately Hearn's fault. Moreover, Hearn's effort to put the responsibility for this failure upon her staff ignores her professional responsibility as their direct supervisor to ensure that their conduct is compatible with her own obligations as a lawyer. *See* Indiana Rules of Professional Conduct 5.3(b).

And, to the extent the failure to attend the deposition was caused by Blachly Law Firm's "back-office problems," those do not even constitute "good cause", let alone a basis for avoiding Rule 37(d)(3) sanctions. *See, e.g., Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994) (stating that an attorney's "back office problems" do not constitute "good cause" to set aside a default). In short, no one is suggesting that Hearn was willfully at fault for missing the deposition; however, mere negligence, such as we have here, and as revealed by the 1970 Advisory Committee Note to Rule 37(d), has long been enough to impose light sanctions for the failure to attend a deposition. Accordingly, Hearn should be held directly responsible for her inaction as the "advising attorney."

Of more interest is the question of whether the Blachly Law Firm should bear the cost of the sanctions along with, and because of the action or inaction of, an associate. The Court could find no case where a law firm was sanctioned for the failure of its associate attorney to attend a

---

[4] Although it is not clear, the Court assumes that Hearn is not suggesting that she or anyone else committed a Rule 11 violation since by its very terms that rule does not apply to discovery or discovery sanctions. *See* Fed. R. Civ. P. 11(d). Rather, it appears that Hearn is seizing upon the language of Rule 11(c)(1) as an applicable legal analog to Rule 37(d)(3).

client's deposition, and none has been cited by either Hearn or the Blachly Law Firm. Perhaps the answer to such a dearth of case law, and the beginning of the analysis, can be found in Rule 37(d)(3) itself, which limits the sanction to either the party . . .[,] the attorney advising that party, or both . . . ." After all, the Federal Rules of Civil Procedure, much like statutes, are to be given their plain meaning. *See Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540 (1991) (quoting *Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120, 123 (1989)). Obviously, Rule 37(d)(3) makes no explicit provision for the sanctioning of a law firm for the action or inaction of an individual "advising attorney." Nonetheless, Hearn urges that the Court look to Rule 11(c)(1) as a useful analogy; that Rule, at least since its 1993 amendment, provides the following:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by it partner, associate, or employee.

Fed. R. Civ. P. 11(c)(1). The Court, however, should examine the history of that provision before engrafting that language and any accompanying legal principles onto Rule 37(d)(3).

To start, in 1989, when the Supreme Court looked at Rule 11(c), that provision read differently than it does today, that is, after its 1993 amendment. In particular, Rule 11 required a court, when a paper was signed in violation of the Rule, to "impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay . . . reasonable expenses . . . , including a reasonable attorney's fee." *See Pavelic & LeFlore,* 493 U.S. at 124. In short, the language of Rule 11 then was quite similar to what Rule 37(d)

6

then, and what Rule 37(d)(3) now, says.[5]

The issue in *Pavelic & LeFlore* was whether Rule 11 sanctions may be imposed on both the individual attorney who signed the offending papers and his law firm. The respondents (the parties awarded the sanctions by the District Court) argued, somewhat as Hearn does now, that the law firm should be liable because of "long and firmly established legal principles of partnership and agency," such that "all the members of a partnership are liable for the authorized acts of a partner or employee . . . ." *Id*. at 125 (citing Restatement (Second) of Agency § 140 (1958)).

The Supreme Court, however, rejected that argument because the case did not involve "common law liability, but [rather] a Rule that strikingly departs from normal common-law assumptions such as that of delegability." *Id*. Thus, as viewed by the Supreme Court, the 1989 version of Rule 11 established a non-delegable duty on the part of the attorney to make sure that any filing met Rule 11's dictates. *Id*. Thus, "[w]here the text [of the Rule] establishes a duty that cannot be delegated, one may reasonably expect it to authorize punishment only of the party upon whom the duty is placed." *Id*. That principle being "the fair import of [Rule 11's] language", resulted in the Supreme Court holding that Rule 11 sanctions could only be imposed upon the individual attorney who signed the groundless papers and not his law firm.

Not much later, of course, Rule 11(c)(1) was amended to specifically address and alter the outcome of *Pavelic & LeFlore*. *See* Fed. R. Civ. P. 11 1993 Advisory Committee Notes. Rule 11(c)(1) now provides that an attorney's law firm may be held jointly responsible for representations to the Court under established principles of agency. The drafters deemed this an

---

[5] Rule 37 later underwent some stylistic changes that resulted in the creation of subsection (d)(3).

7

appropriate result particularly since offending documents can be withdrawn or corrected within twenty-one days after service. *Id*. The revision at least allows courts to consider whether other attorneys in the firm should be held accountable for their part in causing a violation. *Id*.

This bit of history reveals that although Rule 11 was transformed after *Pavelic & LeFlore* into a situation where agency principles could apply so as to impose law firm liability, Rule 37(d) and (d)(3) with remarkably similar language to the old version of Rule 11 were never given similar treatment. *See, e.g., Morrison-Knudsen Constr. Co. v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor*, 461 U.S. 624, 632-33 (1983) (applying principles of statutory construction and reasoning that where Congress amended certain related statutory schemes to broaden the definition of "wages", its failure to do so with respect to the Compensation Act reflected its intent not to expand the definition of "wages" contained therein). This seems to clearly suggest that the original intent of the drafters, as revealed in "the fair import of the language", *Pavelic & LeFlore*, 493 U.S. at 125, to be that an attorney's attendance at her client's deposition is a nondelegable duty such that a failure to attend exposes that attorney alone to expense shifting sanctions. *Id.*

Consequently, since the agency principles that Hearn espouses do not apply to Rule 37(d)(3), and since she was the only attorney advising the Plaintiff at the time, the clear mandate of the Rule means that she is the only one to be punished.[6]

Finally, the record does not show any involvement in the case by any other attorney with

---

[6] Hearn notes that the only reason sanctions were imposed was because she and the Plaintiff failed to appear for the Plaintiff's deposition "and not based on the other allegations made by the Defendant in its Motion to Dismiss." (Hearn Resp. ¶ 15.) The Court does not wish to re-visit the April R & R but it is fair to say that if Hearn had paid a bit more attention to the case, and established some professional goodwill with opposing counsel, the Defendant likely would not have even sought sanctions.

the Blachly Law Firm, at least until Hearn's departure.  Therefore, the Court sees no basis for imposing sanctions against the firm, jointly and severally with Hearn, under either Rule 37 or the Court's inherent power.

**CONCLUSION**

For the foregoing reasons, the undersigned Magistrate Judge clarifies his April 6, 2009, Report and Recommendation and recommends that the Court order Hearn to pay the monetary sanctions associated with the February 13, 2009, deposition of the Plaintiff (*i.e*., reimbursement of the Defendants' cost of the appearance fee for the court reporter, and the attorney's fees and costs for travel and time related to the Plaintiff's deposition).

The Clerk is directed to send a copy of this Report and Recommendation to counsel for the parties and Attorney Anna M. Hearn.  NOTICE IS HEREBY GIVEN that within ten days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995); *Egert v. Conn. Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).

SO ORDERED.

Enter for the 12th day of May, 2009.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
